USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/23/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                         :
COMMONWEALTH ADVISORS INC.,                              :
                                                         :
                    Plaintiff,                           :     15-CV-7834 (JMF)
                                                         :
         -v-                                             :     MEMORANDUM OPINION
                                                         :            AND ORDER
WELLS FARGO BANK, NATIONAL ASSOCIATION,                  :
et al.,                                                  :
                                                         :
                    Defendants.                          :
                                                         :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, Plaintiff Commonwealth Advisors Inc. ("Commonwealth") seeks reimbursement of more than $5 million in expenses it allegedly incurred as collateral manager of a collateralized debt obligation ("CDO"). Defendant Collybus CDO I Ltd. ("Collybus") is the issuer of that CDO and Defendant Wells Fargo ("Wells Fargo" and, together with Collybus, "Defendants") is the trustee. Commonwealth filed the case in state court, but Wells Fargo removed it to this Court. Commonwealth now moves to remand the case on the ground that it was not properly removed — specifically, on the ground that Collybus failed to consent to removal as required by the "rule of unanimity." For the reasons that follow, the Court is compelled to agree, and Commonwealth's motion to remand is therefore GRANTED.[1]

---

[1] In addition, Wells Fargo moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint. (Docket No. 23). And AG Mortgage Value Partners Master Fund, L.P., AG MVP Plus SG III, L.P., and AG Securitized Asset Recovery Fund, L.P. (collectively, the "Intervenor Defendants") move to intervene as of right pursuant to Rule 24(a)(2), and also move to dismiss the Amended Complaint. (Docket Nos. 17 and 20). The Court denies both motions to dismiss as moot in light of the remand, and grants the Intervenor Defendants' motion to intervene as unopposed (although it is of little consequence given the remand).

**BACKGROUND**

The underlying facts are only marginally relevant to the instant motion and can be summarized briefly. Collybus is a Cayman Islands company that was formed for the specific purpose of issuing a CDO known as the Collybus CDO. Upon formation, Collybus issued notes to investors pursuant to a document called an Indenture. The proceeds from that sale were then used to acquire collateral debt securities. Those securities, in turn, generate interest and principal proceeds that are used to pay the noteholders.

Collybus is a special-purpose entity with limited capabilities. In accordance with the terms of the Indenture, it has no employees and is prohibited from engaging in any business other than issuing the CDO notes. Pursuant to the Indenture, Wells Fargo serves as the trustee for the Collybus CDO and, in that role, holds the collateral debt securities for Collybus. (*See* Decl. Alexander S. Lorenzo (Docket No. 24) ("Lorenzo Decl."), Ex. C ("Am. Compl."), ¶¶ 14-15). Wells Fargo is also tasked with many of the administrative functions associated with the Collybus CDO, including the collection and distribution of proceeds from the collateral debt securities. (*See* Lorenzo Decl., Ex. A ("Indenture") § 11.1). Wells Fargo is not, however, tasked with making decisions about the acquisition and management of those securities. That responsibility is assigned to Commonwealth, the collateral manager for the Collybus CDO. Commonwealth makes decisions about the acquisition, management, and sale of collateral assets for the benefit of noteholders, and then directs Wells Fargo to execute those decisions.

In early 2015 Commonwealth determined that selling the collateral debt securities would be in the best interests of the noteholders, and thus directed Wells Fargo to liquidate the collateral debt securities underlying the Collybus CDO and to distribute the proceeds on the upcoming June 8, 2015, distribution date. (*See* Am. Compl. ¶¶ 30, 31). Between May 12, 2015,

2

and May 14, 2015, Wells Fargo sold the collateral debt securities pursuant to Commonwealth's direction.  In advance of the distribution of the proceeds from those sales, however, Commonwealth submitted invoices to Wells Fargo seeking reimbursement of more than $5 million, which Commonwealth claimed qualified as covered administrative expenses under the Indenture.  On June 1, 2015, Wells Fargo advised Commonwealth that it would not pay administrative fees in excess of $75,000 due to a provision of the Indenture that, in Wells Fargo's view, capped such payouts at that amount.  Commonwealth then brought this action against Wells Fargo and Collybus in New York County Supreme Court seeking payment of the full amount of its claimed administrative fees.  (*See* Mem. Law Supp. Pl.'s Mot. To Remand Pursuant 28 U.S.C. § 1447 (Docket No. 16) ("Pl.'s Mem.") 3).

On October 5, 2015, Wells Fargo filed a notice of removal, invoking this Court's diversity jurisdiction under Title 28, United States Code, Section 1332.  (Docket No. 4).  In its Notice of Removal, Wells Fargo asserted that "all of the properly joined and served defendants" had consented to removal.  Collybus did not join Wells Fargo in its Notice of Removal; nor did Wells Fargo allege that Collybus had consented.  Instead, it alleged, "[u]pon information and belief," that Collybus had "not yet been served." (*Id.* ¶ 13).  Nine days later, however, counsel for Wells Fargo filed a "NOTICE OF COLLYBUS CDO I LTD.'S CONSENT TO REMOVAL."  (Docket No. 10).  Attached to the Notice was a "DECLARATION OF CONSENT TO REMOVAL" signed by Edmund King, identified as "a Director of Collybus." (*Id.* ¶ 2).  King declared that, in his capacity as a Director, he had "authority to consent on behalf of Collybus to the Notice of Removal filed by Wells Fargo in this Action" and that, "[p]ursuant to [that] authority," Collybus did indeed consent to the removal.  (*Id.* ¶¶ 2-3).  King did not purport to be a lawyer, and made clear that his Declaration was "not intended to constitute an

3

appearance by Collybus." (*Id.* ¶ 4).  To date, Collybus has not entered a notice of appearance and there is no indication that it is represented by United States counsel.

## DISCUSSION

It is axiomatic that "federal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). "Judicial scrutiny" of those limits "is especially important in the context of removal, where considerations of comity play an important role." *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013) (internal quotation marks omitted). Indeed, "'[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts [must] construe the removal statute narrowly, resolving any doubts against removability.'" *Purdue Pharma*, 704 F.3d at 213 (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)); *accord Veneruso*, 933 F. Supp. 2d at 618; *see also New York v. Lutheran Ctr. for the Aging, Inc.*, 957 F. Supp. 393, 397 (E.D.N.Y. 1997) ("Removal statutes are to be strictly construed[.]").[2]  The removing party — here, Wells Fargo — bears the burden of establishing that removal was

---

[2] Such "'strict construction of the right of removal'" also "'makes good sense,'" as "'[a]n order denying a motion to remand a case to state court is ordinarily not appealable until after a final judgment or order is filed in the case.'" *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 392 (S.D.N.Y. 2014) (quoting 16 James Wm. Moore, et al., Moore's Federal Practice § 107.05 (3d ed. 2012)) (alteration in original).  "If the court of appeals determines that the case should have been remanded on the ground that there was no federal jurisdiction, the judgment on the merits must also be vacated because of the lack of jurisdiction.  If the case was improperly remanded, at least the state court judgment will not be invalidated because of a lack of subject matter jurisdiction." *Id.* (internal quotation marks omitted); *cf. New York v. Shinnecock Indian Nation*, 686 F.3d 133, 142 (2d Cir. 2012) (vacating a judgment, after nine years of litigation and trial, for lack of subject-matter jurisdiction, where the district court had denied remand).

proper.  *See, e.g.*, *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57-58 (2d Cir. 2006).  Significantly, that requires that the removing party to demonstrate not only "a jurisdictional basis for removal," but also "the necessary compliance with the statutory removal requirements.  There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures."  *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324-25 (E.D.N.Y. 1998) (internal quotation marks and citations omitted).

Here, whether removal was proper turns on the "rule of unanimity."  That rule derives from the language of the federal removal statute, which provides in relevant part that a civil action may be removed to federal court only if "all defendants who have been properly joined and served . . . join in or consent to the removal of the cation."  28 U.S.C. § 1446(b)(2)(A); *see also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (holding that all defendants "must independently express their consent to removal" within the statutory thirty-day period in order to satisfy the rule of unanimity).  If any defendant does not consent to removal within the requisite time, the plaintiff's decision to bring his action in a state forum will trump and removal will fail.  *See Garside ex rel. Garside v. Osco Drug, Inc.*, 702 F. Supp. 19, 21 (D. Mass. 1988) ("The rule of unanimity gives each defendant an absolute veto over removal.").  The rule "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand." *Codapro*, 997 F. Supp. at 325 (internal quotation marks omitted).  Additionally, it "protects the interests of all parties and places the burden of justifying removal where the statute intended it to be placed: on the defendants seeking to invoke federal jurisdiction." *Amteco, Inc. v. BWAY Corp.*, 241 F. Supp. 2d 1028, 1032 (E.D. Mo. 2003).  Finally, "[b]y requiring each defendant to formally and explicitly

proper.  *See, e.g.*, *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57-58 (2d Cir. 2006).  Significantly, that requires that the removing party to demonstrate not only "a jurisdictional basis for removal," but also "the necessary compliance with the statutory removal requirements.  There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures."  *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324-25 (E.D.N.Y. 1998) (internal quotation marks and citations omitted).

Here, whether removal was proper turns on the "rule of unanimity."  That rule derives from the language of the federal removal statute, which provides in relevant part that a civil action may be removed to federal court only if "all defendants who have been properly joined and served . . . join in or consent to the removal of the cation."  28 U.S.C. § 1446(b)(2)(A); *see also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (holding that all defendants "must independently express their consent to removal" within the statutory thirty-day period in order to satisfy the rule of unanimity).  If any defendant does not consent to removal within the requisite time, the plaintiff's decision to bring his action in a state forum will trump and removal will fail.  *See Garside ex rel. Garside v. Osco Drug, Inc.*, 702 F. Supp. 19, 21 (D. Mass. 1988) ("The rule of unanimity gives each defendant an absolute veto over removal.").  The rule "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand."  *Codapro*, 997 F. Supp. at 325 (internal quotation marks omitted).  Additionally, it "protects the interests of all parties and places the burden of justifying removal where the statute intended it to be placed: on the defendants seeking to invoke federal jurisdiction."  *Amteco, Inc. v. BWAY Corp.*, 241 F. Supp. 2d 1028, 1032 (E.D. Mo. 2003).  Finally, "[b]y requiring each defendant to formally and explicitly

consent to removal, one defendant is prevented from choosing a forum for all." *Prod. Stamping Corp. v. Md. Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993).

In this case, Commonwealth contends that King's "Declaration of Consent to Removal" (*see* Docket No. 10) is insufficient to satisfy the rule of unanimity. (*See* Pl.'s Mem. 7-8). The Court agrees. It is well established that "a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (gathering cases). Applying that principle, most — if not all — courts to confront the issue directly have held that a corporate entity "cannot consent to removal through a non-lawyer representative." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 816-18 (N.D. Ohio 2008) (citing cases); *see also, e.g.*, *Cluck-U Corp. v. Docson Consulting, LLC*, No. 11-CV-1295 (MCC), 2011 WL 4073129, at *3 (M.D. Pa. Aug. 30, 2011) ("[I]t is also widely recognized that a non-lawyer cannot remove or consent to removal [of a case to federal court] on behalf of a corporation." (internal quotation marks omitted) (gathering cases)); *Forth's Food, Inc. v. Allied Ben. Adm'r, Inc.*, No. 07-CV-0670 (RCC), 2008 WL 88610, at *2 (S.D. W. Va. Jan. 7, 2008) ("A non-lawyer cannot bind a corporation for the purposes of consenting to removal."); *Topside, Inc. v. Topside Roofing & Siding Constr. Inc.*, No. 01-CV-0038 (ADM) (AJB), 2001 WL 420159, at *2-3 (D. Minn. Apr. 23, 2001) ("As a non-attorney, Willis cannot represent [the corporate defendant]. The removal petition is thus inoperative regarding [that defendant]."); *Codapro*, 997 F. Supp. at 326 (holding that a non-lawyer individual defendant's consent on behalf of six corporate defendants was invalid); *cf. Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1283 (C.D. Cal. 2004) (holding that a consent to removal filed by the general counsel of a corporation was valid because "[g]eneral counsel has implied power to conduct and approve actions concerning the legal affairs of the corporation"). In light of those

holdings, the Court is compelled to conclude that Collybus's "consent" is inoperative and that Wells Fargo's removal does not satisfy the rule of unanimity.

Wells Fargo does not acknowledge the long line of cases holding that the consent of a non-lawyer representative of a corporate entity is inoperative.  Instead, it relies on *Cifonelli v. N.Y. State Tech. Enter. Corp.*, No. 11-CV-1062 (MAD/ATB), 2012 WL 716190 (N.D.N.Y. Mar. 5, 2012), and *Baiul v. William Morris Agency, LLC*, No. 13-CV-8683 (KBF), 2014 WL 465708 (S.D.N.Y. Feb. 3, 2014), for the proposition that whether a consent is valid "turns not on whether an attorney has appeared for the consenting party but rather on whether the consent has been duly authorized."  (Mem. Law Opp'n Pl.'s Mot. To Remand (Docket No. 32 ("Wells Fargo's Opp'n") 11-12).  Both cases are distinguishable, however.  In *Cifonelli*, the relevant defendant did consent through counsel — albeit through counsel who had not yet been admitted to practice in the court to which the case had been removed.  *See* 2012 WL 716190, at *1-2.  And in *Baiul*, the relevant defendants had, "prior to the filing of the notice of removal, . . . consented to removal and authorized" counsel from the firm of Loeb & Loeb LLP "to indicate their consent in the notice" and, fourteen days later, counsel at Loeb & Loeb LLP had "filed a notice reiterating the consent to removal."  2014 WL 465708, at *1; *see also id.* at *3 n.2 (distinguishing *Codapro* on the ground that "there was no evidence in the record" of that case that the corporate defendants "had retained or otherwise authorized the alleged defendant-representative (who happened to be an attorney, but was proceeding *pro se* in that action) to act on their behalf").  At most, therefore, the cases stand for the proposition that the consent of a corporate entity through counsel will not be deemed invalid on the ground that counsel has not yet entered a notice of appearance in the case.  They do not stand for the proposition that a corporate entity can consent through a non-lawyer representative altogether.

As a fallback, Wells Fargo contends that, for two different reasons, Collybus's consent to removal was not actually required. First, the bank argues that Collybus's consent was not required because Collybus is merely a nominal party in this action. (Wells Fargo's Opp'n 13-16). To prevail on that argument, however, Wells Fargo bears the "heavy burden of proving by clear and convincing evidence" either "(a) 'that there has been outright fraud committed in the plaintiff's pleadings, or' (b) 'that there is no possibility based on the pleadings [in the declaratory judgment action], that a plaintiff can state a cause of action against the [nominal defendant] in state court.'" *Lewis Morris Assocs. v. Admiral Ins. Co.*, No. 04-CV-1757 (SHS), 2004 WL 1065522, at *1 (S.D.N.Y. May 11, 2004) (quoting *N.Y. State Ins. Fund v. U.S. Liab. Ins. Co.*, No. 03-CV-6652 (LMM), 2004 WL 385033, at *2 (S.D.N.Y. Mar. 2, 2004)). It has not carried that burden. There is no evidence (or even argument) that Commonwealth committed "outright fraud" in naming Collybus in its Amended Complaint. And there is plainly some "possibility" that Commonwealth can state a cause of action against Collybus in state court given that, first, the obligation to pay Commonwealth's administrative fees arises from an agreement between Commonwealth and Collybus (*see* Am. Compl. ¶¶ 19-21), and, second, that the funds at issue, although managed by Wells Fargo, belong to Collybus. (*See* Wells Fargo's Opp'n 13 (conceding that Collybus "holds title to the Collateral").

Second, Wells Fargo asserts that Collybus's consent was not required for removal because Collybus was never properly served. (Wells Fargo's Opp'n 16-20). It is true that "removing defendants are not required to obtain consent from a defendant who has not been properly served at the time of removal." *Monagas v. Samsung Elecs. Am., Inc.*, No. 13-CV-0927 (MPS), 2013 WL 5970977, at *1 (D. Conn. Nov. 8, 2013). Here, however, the record makes clear that Collybus was properly served at the time Wells Fargo filed its notice of removal. The

Indenture provides that Collybus "irrevocably consent[s] to the service of any and all process . . . by the mailing . . . or delivery of copies of such process to the office of the Co-Issuers' agent in New York set forth in Section 7.2." (Indenture § 14.10). Section 7.2, in turn, provides that Collybus appoints Wells Fargo as its "Paying Agent," and provides that notices and demands related to the CDO notes may be delivered to Wells Fargo's offices. (*Id.* § 7.2). Those two provisions, read together, establish that Commonwealth was entitled to serve Collybus by mailing a copy of the Amended Complaint to Wells Fargo. It is undisputed that Commonwealth did so on October 1, 2015, prior to Wells Fargo's filing the notice of removal. (*See* Pl.'s Mem. 4). It follows that Collybus's consent was required for that removal and, because valid consent was lacking, Wells Fargo's removal was improper and remand is required.

## CONCLUSION

For the reasons stated above, Commonwealth's motion to remand is GRANTED. The Clerk of Court is directed to terminate Docket Nos. 14, 17, 20, and 23; to remand this case to the Supreme Court of New York for further proceedings; and to close this case.

SO ORDERED.

Date: June 23, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge

9